# UNITED STATES DISTRICT COURT

# DISTRICT OF KANSAS

| | |
|---|---|
| Brent Kehler,<br><br>        Plaintiff,<br><br>vs.<br><br>CO Ward (first name unknown), CO Rush-1 (first name unknown), CO Rush-2 (first name unknown), COs John or Jane Does 1 through 10, Jail Nurse Davis (first name unknown), Jail Nurse Nelson (first name unknown, and other Jail Medical Staff John or Jane Does 1 through 10,<br><br>        Defendants. | Case No.:<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

The Plaintiff Brent Kehler for his cause of action against the above-named Defendants, states and alleges as follows:

## INTRODUCTION

1. This is an action against 1) Correctional Officers at the United States Penitentiary Leavenworth in Leavenworth, Kansas ("Leavenworth") identified thus far as Correctional Officer ("CO") Ward (first name unknown), CO Rush-1 (first name unknown) CO Rush-2 (first name unknown, the brother of CO Rush-1), COs John or Jane Does 1 through 10, and Jail medical staff at Leavenworth , identified thus far as Jail Nurse Davis (first name unknown), Jail Nurse Nelson (first name unknown), and other Jail Medical staff John or Jane Does 1 through 10, for violation of Plaintiff's Eight Amendment right to adequate medical care under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2. An action against the Defendant United States of America ("USA") under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.)* and 28 U.S.C. §1346(b)(l), for negligence in

connection with medical care provided to Plaintiff by the Bureau of Prisoners, and in particular the United States Penitentiary Leavenworth in Leavenworth, Kansas, stemming from the same facts, will be filed when statutorily allowed after the required exhaustion of remedies.

## PARTIES

3. Plaintiff is, and at all times relevant hereto was, an inmate at the United States Penitentiary Leavenworth in Leavenworth, Kansas.

4. Upon information and belief, Defendant CO Ward (first name unknown) is, and at all relevant times was, a duly appointed and acting Correctional Officer of the United States Bureau of Prisons at the United States Penitentiary Leavenworth in Leavenworth, Kansas. On information and belief, Defendant CO Ward is, and was at all times relevant hereto, an employee of the United States of America.

5. Upon information and belief, Defendant CO Rush-1 (first name unknown) is, and at all relevant times was, a duly appointed and acting Correctional Officer of the United States Bureau of Prisons at the United States Penitentiary Leavenworth in Leavenworth, Kansas. On information and belief, Defendant CO Rush-1 is, and was at all times relevant hereto, an employee of the United States of America.

6. Upon information and belief, Defendant CO Rush-2 (first name unknown) is the brother of Defendant CO Rush-1 and is, and at all relevant times was, a duly appointed and acting Correctional Officer of the United States Bureau of Prisons at the United States Penitentiary Leavenworth in Leavenworth, Kansas. On information and belief, Defendant CO Rush-2 is, and was at all times relevant hereto, an employee of the United States of America.

7. Upon information and belief, Defendants COs John or Jane Does 1 through 10, are, and at all relevant times were, a duly appointed and acting Correctional Officers of the

United States Bureau of Prisons at the United States Penitentiary Leavenworth in Leavenworth, Kansas. On information and belief, Defendants COs John or Jane Does 1 through 10 were, at all times relevant hereto, employees of the United States of America.

8. Upon information and belief, Defendant Jail Nurse Davis (first name unknown) is, and at all relevant times was, a duly appointed and acting as a Jail Nurse with the United States Bureau of Prisons at the United States Penitentiary Leavenworth in Leavenworth, Kansas. On information and belief, Defendant Jail Nurse Davis is, and was at all times relevant hereto, an employee of the United States of America.

9. Upon information and belief, Defendant Jail Nurse Nelson (first name unknown) is, and at all relevant times was, a duly appointed and acting as a Jail Nurse with the United States Bureau of Prisons at the United States Penitentiary Leavenworth in Leavenworth, Kansas. On information and belief, Defendant Jail Nurse Nelson is, and was at all times relevant hereto, an employee of the United States of America.

10. Upon information and belief, Defendants other Jail Medical Staff John or Jane Does 1 through 10 are, and at all relevant times were, duly appointed and acting Correctional Officer of the United States Bureau of Prisons at the United States Penitentiary Leavenworth in Leavenworth, Kansas. On information and belief, Defendants other Jail Medical Staff John or Jane Does 1 through 10 were, at all times relevant hereto, employees of the United States of America.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12. Venue is proper in the District of Kansas pursuant to 28 U.S.C. §§ 1391 and 1402, because a substantial part of the events complained of and giving rise to Plaintiff's claims

occurred in this District, all of the Defendants performed their official duties in this District, and, on information and belief, most, if not all, of the Defendants reside in the district.

## FACTUAL BACKGROUND

13.     Plaintiff was an inmate at Leavenworth in 2019.

14.     At some point in early November 2019, Plaintiff was moved into a cell in the "Shoe" with cellmate Bobby Morrill.

15.     Shortly thereafter, the Shoe flooded with about 4 to 5 inches of wastewater. While attempting to use a food tray lid to sweep the wastewater out of the cell, Plaintiff slipped and fell. Plaintiff then started experiencing hip pain.

16.     Plaintiff's pain and inability to move his lower extremities got worse over the next two to three weeks to the point where he couldn't get out of bed and cellmate Morrill had to feed him.  Over this period, Plaintiff repeatedly asked, and then begged, all Defendants for medical assistance.  They provided none. No Defendant provided adequate medical care.

17.     All Defendants witnessed Plaintiff's extreme medical distress. They gave him no help. He begged for medical attention, and they did nothing.  Near the end of this period in the week to ten days before Thanksgiving 2019, Plaintiff did not get out of bed or shower for several days and no Defendant gave him medical assistance. No Defendant provided adequate medical care.

18.     Jail Medical staff, including Defendants Jail Nurse Davis, Jail Nurse Nelson, and other medical staff John or Jane Does 1 through 10, came to Plaintiff's cell at least twice per day to administer medications to Plaintiff's cellmate Bobby Morrill.  Plaintiff pleaded with them to get him some help and they did nothing. Mr. Morrill pleaded with them to get Plaintiff help and they did nothing. No Defendant provided adequate medical care.

19. Three or Four 3 days before Thanksgiving 2019, Mr. Morelli saw CO Rush-1 while outside of his cell and told CO Rush-1 that they had to do something to help Plaintiff. When Mr. Morrell got back to the cell, jail staff had carried Plaintiff out on stretcher. A couple of hours later, CO Rush-1 told Mr. Morrell that Plaintiff "was not fooling" and that he was paralyzed from the waist down.

20. Plaintiff was taken to St. Luke's Hospital where he was diagnosed with Spinal Epidural Abscess necessitating C2-C6 laminectomy and causing paraplegia (flaccid paralysis of the lower extremities). He is need of constant care and several times per day needs repositioning, diaper care, Foley Catheter care among and other permanent injuries and intensive care.

## COUNT I
## DENIAL OF EIGHT AMENDMENT RIGHT
## TO ADEQUATE MEDICAL CARE

21. Plaintiff hereby realleges and incorporates by reference the allegations complained of above as if set forth specifically herein.

22. The treatment an inmate receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. In its prohibition of "cruel and unusual punishments," the Eighth Amendment imposes duties on prison staff, who must provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of the inmates.

23. All Defendants named herein acted with deliberate disregard for the medical needs of Plaintiff in violation of the Eight Amendment's prohibition of "cruel and unusual punishments."

24. The behavior of all Defendants named herein far surpassed "mere negligence."

5

Defendants willfully denied Plaintiff adequate medical care and were deliberately indifferent to Plaintiff's medical needs. Plaintiff had objectively serious medical needs requiring adequate medical attention. Defendants knew of, and disregarded, a substantial risk of serious harm to Plaintiff's health and safety.

25. As a direct and proximate result of the Defendants' acts and omissions as described herein, Plaintiff has experienced the injuries herein described and experienced pain and suffering, suffered a substantial reduction in his capacity to enjoy life and participate in his usual activities, endured unnecessary medical procedures, has been forced to incur additional and on-going medical treatment and physical and occupational therapy, and has sustained permeant injury necessitating constant care, and has sustained other injuries and damages, all to his damage in an amount to be determined at trial.

26. As a further direct and proximate result of the Defendants' acts and omissions as described herein, Plaintiff is reasonably expected to suffer and require additional care in the future and has sustained permanent and disabling injuries to his mind and body and will be required in the future to expend substantial sums of money in an effort to cure himself, all to his damage in an amount to be determined at trial.

27. As a further direct and proximate result of the Defendants' acts and omissions as described herein, Plaintiff will suffer loss of future earnings capacity, all to his damage in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

A. Finding that the Defendants, and each of them, committed acts and omissions

that constituted violations of the Eight Amendment to the United States Constitution, actionable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

   B. Awarding judgment in favor of Plaintiff and against the Defendants, and each of them, jointly and severally in an amount to be determined at trial as and for compensatory damages;

  C. Awarding Plaintiff all applicable pre-judgment and post-judgment interest;

  D. Awarding Plaintiff his attorney's fees and costs;

  E. Awarding such other and further relief as the Court may deem just and equitable.

**A TRIAL BY JURY ON ALL ISSUES SO TRIABLE IS HEREBY REQUESTED**.

    **Respectfully submitted,**

    **BARTIMUS FRICKLETON**
    **ROBERTSON RADER, P.C.**

    **BY:** */s/Michelle L. Marvel*
    **MICHELLE L. MARVEL KS #23511**
    **4000 W. 114TH STREET, SUITE 310**
    **LEAWOOD, KS 66211-2298**
    **(913) 266-2300**
    **(913) 266-2366 FAX**
    mmarvel@bflawfirm.com

    **ATTORNEY FOR PLAINTIFF**

    *In association with:*

    **BENNEROTTE & ASSOCIATES, P.A.**

    **BY:** */s/ Vincnt J. Moccio*
    **VINCENT J. MOCCIO MN #184640**
    **3085 JUSTICE WAY, SUITE 200**
    **EAGAN, MN 55121**
    **T: 612-799-5160**

vincent@ bennerotte.com

*and*

**CIRESI CONLIN LLP**

**BY:** ___*/s/ Brandon Thompson*_____
**Brandon Thompson          MN #349173**
**225 SOUTH 6TH STREET, #4600**
**MINNEAPOLIS, MN 55402**
**T: 612-361-8200**
Bet@ciresiconlin.com

**ATTORNEYS FOR PLAINTIFF**